UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**CLARENCE WILLIAMS (#318756)**                                           **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                               **NO. 06-0690-C-M2**


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLARENCE WILLIAMS (#318756)**                                    **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                        **NO. 06-0690-C-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 14 and 18.

The pro se plaintiff, an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Cornel Hubert, Warden's Designee Wanda Matthews, Capt. Pedceaux, Capt. Johnson, Lt. Curtis, Lt. Abear, Lt. Darby, Lt. Atkiens, Msgt. Dykes, Sgt. Lazaur, complaining that the defendants violated his constitutional rights on October 31, 2005, when he was housed with a known dangerous co-inmate, who attacked him on November 3, 2005. The plaintiff further complains that on that date, his legal and personal property was left strewn around the cellblock, resulting in much of it being lost or stolen.

The plaintiff moves for summary judgment, relying upon the pleadings, a Warden's Unusual Occurrence Report dated October 3, 2005, pertinent excerpts from his administrative remedy proceedings, his Enemy List, his Disciplinary Conduct Report, excerpts from pertinent EHCC logbooks, his Requests for Medical Treatment dated October 3, 4 and 20, 2005, and excerpts from the prison rulebook relative to the prison's administrative remedy procedure.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceeding No. EHCC-2005-1771, which is the proceeding identified by the plaintiff in his Complaint as being

the one pertinent to this cause of action, a Warden's Unusual Occurrence Report dated October 3, 2005, the plaintiff's Enemy List, excerpts from the plaintiff's medical records, excerpts from the medical records of co-inmate Vidale Tasby, copies of pertinent EHCC logbook pages, and the affidavits of Kim LeMaire, Michael McCormick, and defendants Richard Stalder, Cornel Hubert, Wanda Matthews, Edith Pidesceaux, Freddy Curtis, and Donald Johnson.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Addressing first the defendants' motion, the basis for this motion is the defendants' contention that the plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and allows for no exceptions.

Upon a review of the affidavits and documentation provided by the parties, the Court concludes that the plaintiff has in fact failed to exhaust administrative remedies as to the claims asserted in this proceeding. Specifically, it appears to the Court that whereas the plaintiff apparently commenced an administrative remedy proceeding ("ARP") relative to his assertion that he was wrongly housed with a dangerous co-

---

[1] Section 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

inmate and that his legal and personal property were mishandled, the ARP record further reflects that the plaintiff voluntarily withdrew the referenced ARP on December 1, 2005, by signing a form explicitly abandoning same.  This form was signed by the plaintiff and was apparently witnessed by two security officers.  The form states: "I, Clarence Williams, make the following statement of my own free will, without threat of punishment, promise of reward or special favor on this 1 day of 12, '05, at Elayn Hunt Correctional Center located in St. Gabriel, Louisiana.  I wont [sic] to drop previous ARP 1771-05."

In addition to the foregoing, the record reflects that, upon an initial review of the case, and upon a determination by the Court that the plaintiff may have failed to exhaust administrative remedies, the Court entered an order, rec.doc.no. *, directing the plaintiff to show cause why his claims were not subject to dismissal for this reason.  The plaintiff's response to this Order is not persuasive.  Initially, with regard to the supposed voluntary dismissal of the referenced ARP, the plaintiff does not explicitly deny that he signed the form which abandoned the ARP. Rather, he merely asserts in conclusory fashion that the abandonment was not "knowing and voluntary" in a constitutional sense because he suffers with unspecified mental health deficiencies.  Further, he asserts in conclusory fashion that he should be relieved of the obligation to exhaust administrative remedies because prison officials did not allow him access to legal materials and thereby obstructed his ability to pursue his administrative claims.  These arguments are unavailing, and there is no support for same in the record.  The ARP records reflect that the plaintiff possessed the mental acuity to adequately and timely present his ARP claim and disciplinary appeal to prison officials, and there is nothing in the record to suggest that any mental deficiency or lack of access to legal materials had any impact upon the administrative proceedings or upon his decision to abandon his

ARP.  Accordingly, based upon the showing made, it is clear that the plaintiff has not exhausted administrative remedies relative to his claims and that these claims must therefore be dismissed pursuant to 42 U.S.C. § 1997e.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's motion for summary judgment, rec.doc.no. 18, be denied, that the defendants' motion for summary judgment, rec.doc.no 14, be granted, dismissing the plaintiff's claims, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, September 27, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**